IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA SIONG RICKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-739-PRW |
| BOB W. HUGHEY, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court is *pro se* Plaintiff's Emergency Application for Contempt and Request for Sanctions (Dkt. 28); Defendant City of El Reno's Motion to Dismiss and Brief in Support (Dkt. 9); Defendant City of Stillwater's Motion to Dismiss and Brief in Support (Dkt. 13); Defendants Payne County Sheriff's Department, Ryan Dean Clopton, and Jacob Secrest's Motion to Dismiss and Brief in Support (Dkt. 19); and Defendants Chris West, Kevin Ward, Paul Reynolds, Sheila Preno, Adam Flowers, Phil Blevens, Marie Hirst, Michelle Garrison, Canadian County Sheriff Department, and Gary E. Miller Children's Justice Center's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. 21). For the reasons discussed below, Plaintiff's Emergency Application for Contempt and Request for Sanctions (Dkt. 28) is **DENIED**; and the Motions to Dismiss (Dkts. 9, 13, 19, 21) are **DENIED** as moot.

I.     **Plaintiff's Emergency Application for Contempt and Request for Sanctions**

Plaintiff has filed numerous incoherent notices to the Court, one of which is titled "Emergency Application for Contempt and Request for Sanctions" (Dkt. 28). Though especially scant, this filing appears to request that Defendants be held in contempt and/or sanctioned for their "Reckless Denial of Monetary Judgment," "Wrongful Deprivation of Property," and "Wrongful Deprivation in Fundamental Due Process."[1] She seeks one dollar for every second of trespass.

Plaintiff makes no attempt to explain the basis for her request, but based on Plaintiff's other various filings, it appears that she is seeking contempt and sanctions for Defendants' failure to abide by Plaintiff's self-proclaimed "Verdict," which states that a "jury of twelve . . . order[s] the immediate restoration of her property . . . and award[s] [Plaintiff] money damages in the amount of $10,000,000,000.00 . . . to be paid-in-full and settled within thirty (30) days."[2]

There is no legal basis for imposing contempt or sanctions against Defendants. Defendants are entitled to put forward their defenses, and Plaintiff's verdict holds no weight in this Court. Plaintiff's Emergency Application for Contempt and Request for

---

[1] Pl.'s Emergency Appl. for Contempt and Request for Sanctions (Dkt. 28).

[2] Verdict (Dkt. 17).

Sanctions (Dkt. 28) is **DENIED**. Defendants' Joint Motion to Strike Plaintiff's Application for Contempt and Sanctions (Dkt. 39) is **DENIED** as moot.

## II.     Plaintiff's Complaint

Prior to reaching the merits of the pending motions to dismiss filed by various defendants, the Court notes that Plaintiff's Complaint is not in compliance with the Federal Rules of Civil Procedure.[3] Federal Rule of Civil Procedure 8(a)(1), which governs complaints filed in federal court, requires "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."[4] When there are multiple defendants, as there are here, the complaint should "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

---

[3] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 & n.2 (10th Cir. 2007) (stating that "Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure" and can be raised sua sponte); *Fletcher v. Inmate Bank*, 752 F. App'x 683, 684 (10th Cir. 2019) (same) (citations omitted).

[4] Fed. R. Civ. P. 8(d)(1).

violated."[5] These basic elements are necessary to give "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits."[6]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[7] But the broad construction of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] The Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[9] Additionally, pro se plaintiffs are required to "follow the same rules of procedure that govern other litigants."[10]

Plaintiff's Complaint purports to allege claims against forty-four defendants. The Complaint itself spans only eight pages, but attached to the Complaint is a twenty page "Affidavit of Facts," a demand for relief, and a "Self-Executing Contract Agreement Fee Schedule Upon Contact of Public Servants/Officials."[11] The Affidavit of Facts references

---

[5] *Nasious*, 492 F.3d at 1163.

[6] *Id.* (citations omitted); *see Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.").

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8] *Id.*

[9] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110).

[10] *Id.* (cleaned up) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

[11] Pl.'s Compl. (Dkt. 1), Exs. 1–3.

numerous additional exhibits, which Plaintiff filed a month and a half after her Complaint.[12] The exhibits span 150 pages.

Plaintiff's Complaint does not make clear what claims she is attempting to assert. Plaintiff's Complaint includes a paragraph titled "matter of controversy" that lists eighteen different legal claims. She also cites Articles 1, 7, 9, and 10 of the Constitution and "the common law of the land."[13] She makes little attempt, however, to tie the facts included in her complaint and various attachments to the list of legal claims. As such, it is far from clear which claims Plaintiff is actually trying to assert.

Additionally, it is unclear from the Complaint which claims are being alleged against which defendants. As an example, one paragraph of the Complaint asserts that Plaintiff's daughter underwent unauthorized dental surgery. Plaintiff does not specify the legal right this violated but alleges that "*Wrongdoer(s)*" are responsible, "specifically but not limited to" eight individual defendants, "et al."[14] Another paragraph states that she was "unlawfully detained in the Payne County Jail" and that "evidence of [her] claim of trespass by *Wrongdoer(s)* [was] robbed and concealed in [the] evidence room" at the Jail.[15] She does not elaborate on her claim of trespass or specify who the "Wrongdoers" responsible

---

[12] *See* Pl.'s Sealed Exs. (Dkt. 15).

[13] Pl.'s Compl. (Dkt. 1), at 6.

[14] *Id.* at 7 (emphasis in original).

[15] *Id.* (capitalization normalized) (emphasis in original).

for any such trespass are. As such, it is impossible to decipher which defendants harmed her, how they harmed her, and which rights they violated in doing so.[16]

The attachments to Plaintiff's Complaint do little to assist in making sense of her claims. In the Affidavit of Facts,[17] Plaintiff disputes line by line a report that was purportedly made by Susan Allen, who Plaintiff identifies in her Complaint as a Child Welfare Specialist and Investigator with the Oklahoma Department of Human Services.[18] It is unclear how this report is relevant to the claims Plaintiff is attempting to bring, or how the factual allegations at the end of her Affidavit relate to her various claims. Her "Self Executing Contract Agreement Fee Schedule Upon Contact of Public Servants/Officials"[19] is entirely nonsensical.

Even affording Plaintiff's Complaint a liberal construction, she has failed to comply with Federal Rule of Civil Procedure 8. Her Complaint does not set forth "simple, concise, and direct" allegations and is not presented in a manageable format.[20] As such, Plaintiff has not given the defendants notice of the claims against them so that they might prepare their defense and the Court lacks sufficient clarity to adjudicate the merits of her claims.[21] Accordingly, this action will be dismissed without prejudice if Plaintiff fails to file an

---

[16] *See Nasious*, 492 F.3d at 1163.

[17] Pl.'s Compl. (Dkt. 1-1).

[18] *Id.* at 2–12.

[19] Pl.'s Compl. (Dkt. 1-3).

[20] Fed. R. Civ. P. 8(d)(1).

[21] *See Nasious*, 492 F.3d at 1163; *Mann*, 477 F.3d at 1148.

amended complaint that complies with the Federal Rules of Civil Procedure as explained above within fourteen (14) days of this Order.

## *Conclusion*

For the reasons set forth above:

1. Plaintiff's Emergency Application for Contempt and Request for Sanctions (Dkt. 28) is **DENIED**;

2. Defendants' Joint Motion to Strike (Dkt. 39) is **DENIED** as moot;

3. The pending Motions to Dismiss (Dkts. 9, 13, 19, 21) are **DENIED** as moot; and

4. This action will be dismissed without prejudice unless Plaintiff files an amended complaint in compliance with the Federal Rules of Civil Procedure within fourteen (14) days of this Order.

**IT IS SO ORDERED** this 21st day of April 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE