IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SAMANTHA SIONG RICKS,

    Plaintiff,

v.

BOB W. HUGHEY, *et al.,*

    Defendants.

Case No.: 24-cv-739-PRW

**DEFENDANT JUDGES HUGHEY AND CORLEY'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Canadian County Associate Judge Bob Hughey and Payne County District Judge Philip Corley[1] ("Judicial Defendants"), by and through Stefanie E. Lawson, Assistant Attorney General, move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Not only has Plaintiff failed to properly serve these Judicial Defendants,[2] the Complaint also fails to state any cognizable claim against the Judicial Defendants in either their official or individual capacities. In support of said Motion to Dismiss, Judicial Defendants submit the following:

---

[1] Judge Corley retired from the bench on August 30, 2024.

[2] Review of the docket indicates that though Plaintiff has not properly served the above Defendants, she continues to file documents demanding relief.

## BRIEF IN SUPPORT

## STATEMENT OF THE CASE

Plaintiff, appearing *pro se*, is suing the Canadian County Associate Judge previously assigned to a case involving Plaintiff's children and the Payne County District Judge who presided over Plaintiff's criminal proceedings. The Complaint is difficult to parse, but it appears that Plaintiff believes she is entitled to relief from these Judicial Defendants based on adverse rulings issued in the state court proceedings. Plaintiff appears to be asserting claims under the First, Seventh, Ninth, and Tenth Amendments. Doc. 1, p. 8. It also appears Plaintiff may be attempting to bring tort claims and make a criminal complaint. Doc. 1 pg. 6. The body of the Complaint mentions Judge Hughey twice (pg. 6 and 7). Attachment 1 to the Complaint mentions Judge Hughey five times (pg. 4, 6, 9. 10, 15). Judge Corley appear only on page 16 of the attachment. Neither the Complaint nor the attachments include any factual support for any claims against the Judicial Defendants. Nevertheless, Plaintiff is seeing monetary and injunctive relief ("return of property" apparently referring to her children). Plaintiff has not asserted any cognizable claims; thus, the Complaint must be dismissed.

## PROPOSITION I: PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS.

Defendants move this Court to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process[3]. Service of process must be accomplished in compliance with Fed. R. Civ. P. Rule 4. It is Plaintiff's burden to establish the validity of the service of process. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S.Ct. 1322 (1999) (*invoking Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied.").

A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. *Oltremari v. Kansas Social & Rehabilitative Serv.*, 871 F.Supp. 1331 (D.Kan. 1994). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy

---

[3] No Summons was delivered with the Complaint, and a review of the docket indicates no summons has been issued. The Complaint was filed on July 22,2 024, more than ninety (90) days ago. Plaintiff has therefore failed to meet the service requirements under Fed. R. Civ. P. 4(m) in addition to service deficiencies set out to follow.

the service provision utilized.'" *O'Brien v. R.J. O'Brien & Assocs.*, 918 F.2d 1394, 1400 (7th Cir. 1993) (citation omitted). Defendants specifically contend that Plaintiff failed to serve a summons and complaint according to Rules 4(c) and (e).

Federal Rule of Civil Procedure 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). In addition, Federal Rule of Civil Procedure 4(e) provides for service of an individual by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process".

In the case at bar "service" was attempted by the Plaintiff, a party, via U.S. Mail and email. As Ms. Ricks is a party in this case, she is not able to affect service on defendants. Also, because service by mail is not provided for in the Federal Rules, the laws of Oklahoma are used to determine whether service of process has been effectuated. Although Oklahoma law permits Plaintiff's election to serve a summons and petition via mail, only certain persons are permitted to affect said service. In the instant matter, service was

attempted by an individual who is not authorized to serve process. OKLA. STAT. tit. 12 § 2004(C)(2)(a) provides, in pertinent part:

> At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection, or by the court clerk upon a defendant of any class referred to in division (1), (3), or (5) of subparagraph c of paragraph 1 of this subsection.

Plaintiff is proceeding *pro se*, therefore, she lacks an attorney authorized to serve a summons and Complaint via mail (or email). Consequently, in order for service to be valid, Plaintiff is required to utilize a "person authorized to serve process pursuant to subparagraph (a) of paragraph 1" of OKLA. STAT. tit. 12 § 2004(C). The referenced subsection authorizes the following persons to serve process: a sheriff or deputy sheriff, a person licensed to make service of process in civil cases, or a person specially appointed for that purpose. *Id.* Plaintiff, a party, mailed via First Class U.S. Mail the summonses and Complaint. *See* [Doc. 4-3, p. 1-3] and [Doc. 4-4. Consequently, unless Plaintiff was specially appointed by the Court, she is not permitted to serve process under the Federal Rules or Oklahoma law. The action should be dismissed.

## PROPOSITION II: PLAINTIFF HAS FAILED TO STATE A VALID CLAIM.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009). *Iqbal* also requires that Plaintiff plead that a government-official defendant violated the Constitution through his own individual action. *Id*. at 1948.

The Tenth Circuit holds that when evaluating a *pro se* complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In considering the sufficiency of the Complaint, the Court must "accept the allegations [contained therein] as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

### A. *The Complaint is deficient under Rule 8.*

Plaintiff's Complaint fails to meet the requirements set forth in Fed. R. Civ. P. 8 and, therefore, must be dismissed. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A district court may dismiss a complaint if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555. The court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A plaintiff must do more than simply state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984) (citing *Butz v. Economou*, 438 U.S. 478, 495, 98 S. Ct. 2894 (1978)). "A plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim." *Id.* (citing *Mountain View Pharmacy v. Abbot Laboratories*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)); *see also Spear v. Town of West Hartford*, 954 F.2d 63 (2nd Cir. 1992) (stating a § 1983 complaint must contain more than

mere conclusory allegations and a factual basis for such allegations must be provided).

Plaintiff's Complaint is deficient under Fed. R. Civ. P. 8. The Complaint and its attachments provide a semblance of narrative purporting to set forth Plaintiff's claims. Nowhere does Plaintiff connect any of the information in the "statement" or "affidavit" of facts to any of the constitutional violations or other claims Plaintiff lists. Plaintiff alleges Judge Hughey "approved" dental procedures ([Doc. 1-1 at p. 7]), received information (*id.* at pp. 4, 6), conducted hearings (*id.* at pp. 9, 10) and issued an order (*id.* at p. 15). Judge Corley appears by name one time in the attachment in a single allegation that he was informed of the existence of evidence (*id.* at p. 16). Aside from a list of constitutional amendments and vague allusions to torts or criminal offenses, Plaintiff does not explain how the participants in her saga violated any of her rights. Defendant Judges and the Court are left to speculate as to how the outcomes in the state court proceedings entitle her to the relief she seeks. Therefore, Plaintiff's claims should be dismissed because the Complaint fails to comply with Rule 8.

### B. *Plaintiff has not stated a claim against these Defendants under § 1983.*

To the extent Plaintiff is asserting claims under 42 U.S.C. 1983[4] the Complaint does not assert non-conclusory allegations to show that Plaintiff may be entitled to relief under any provision of the Bill of Rights. Personal participation is an essential element for §1983 claims against a public official. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). "Plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." (internal citation omitted). *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996).

Further, a defendant cannot be held liable under § 1983 merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). This is because § 1983 does not encompass claims for liability under the theory of *respondent superior*. *See West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988); *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisor liability under § 1983 exists only when there is shown to be an affirmative link

---

[4] Plaintiff names four constitutional amendments in a list in the Complaint.

between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988).

Plaintiff has not met her burden under *Jenkins* or *Mitchell* with respect to these Judicial Defendants. There are no actual allegations that these Defendant Judges interacted with Plaintiff in any capacity outside their official duties. Plaintiff alleges that Defendant Hughey conducted hearings and reviewed evidence, and Judge Corley received information. Plaintiff does not elaborate as to how either judge's actions or inactions violated any of her constitutional rights. These minimal allegations do not rise to a cognizable claim under § 1983. This is neither enough to establish a constitutional violation nor an affirmative link between these Defendant Judges' actions and any such violation. Therefore, Plaintiff has failed to allege any facts which might present an affirmative link between these defendants' actions and any constitutional violations alleged. Plaintiff's Complaint should be dismissed.

### C. *Judicial Immunity.*

Plaintiff's only allegations as to Judges Hughey and Corley are that Judge Hughey took evidence and presided over various proceedings and Judge Corley received information during the course of Plaintiff's detention. There is no discernable allegation that either judge lacked jurisdiction over the matters

assigned to them. As a result, Defendants Judge Hughey and Judge Corley are entitled to absolute judicial immunity.

The United States Supreme Court has held that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Wiggins v. New Mexico State Sup.Ct.Clerk,* 664 F.2d 812, 814-15 (10th Cir. 1981); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Absolute immunity for members of the judiciary has been deemed necessary to assure that those involved in the judicial process "can perform their respective functions without harassment or intimidation" by the parties to the dispute. *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894 (1978). Although significant, the loss of the right to seek private redress for unconstitutional conduct is countered in this instance by the nature of the judicial process. *Id.* Given the protections built into the judicial process, the risk of an unconstitutional act by a judicial officer "is clearly outweighed by the importance of preserving the independent judgment of such people." *Id.* at 514, 98 S. Ct. 2894.

For judicial immunity to apply, acts are simply required to be "judicial acts." *Stump*, 435 U.S. at 356-57. In order to qualify as such, the act must be a function that a judge normally performs, and the party must have dealt with the judge in his official capacity. *Id.* at 362. Both of these elements are met in

this case. Judicial immunity is overcome in only two circumstances: first, for actions not taken in the judge's judicial capacity; and second, judicial actions taken in the complete absence of all jurisdictions. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286 (1991). In terms of absolute judicial immunity, therefore, a judge must act in the absence of **all** jurisdictions, and this applies whether those claims are federal or state in nature. *Mireles*, 502 U.S. at 11-12; *see also, Pierson v. Joplin*, 2016 OK 40, ¶ 17 (quoting *N. Side State Bank*, 1994 OK 34, ¶ 12, n.13, 894 P.2d at 1050-1051, n.13).

Plaintiff alleges that Defendant Judges Hughey and Corley made decisions regarding information and evidence and then ruled against her. She does not allege that either judge lacked jurisdiction to hear the cases. Plaintiff has not alleged that the rulings were made outside the scope of judicial authority. Plaintiff simply believes the rulings and outcomes are wrong. Adverse rulings, even if made in error, are not enough to overcome immunity. Judges Hughey and Corley are entitled to judicial immunity from any Section 1983 claims.

**PROPOSITION III: PLAINTIFF'S TORT CLAIMS ARE BARRED BY THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT.**

Plaintiff appears to be alleging various torts (trespass, slander, assault, etc. *see* [Doc. 1, p. 6] "mater of controversy"). Given Plaintiff is entitled to a liberal construction for her pleadings, the judicial defendants address any

potential tort claims against them. Any lawsuit or claim that is brought against the State or its agents must be brought in compliance with all of the provisions of the Governmental Tort Claims Act, OKLA. STAT. tit. 51 § 151 *et seq*. Section 152.1 of the Act provides expressly that "the state, . . ., and all of their employees acting within the scope of their employment, . . ., shall be immune from liability for torts." At Paragraph B, the Act waives sovereign immunity for the State and its employees only as specifically enumerated in the Act. *Id*. The liability of the State is exclusive, absolute and in place of all other. OKLA. STAT. tit. 51 § 153(B) (stating that "the liability of the state or its political subdivision under [the Act] *shall be exclusive and in place of all other liability* of the state, a political subdivision or employee at common law or otherwise" (emphasis added)). There is no dispute that these judicial Defendants were state officials. As such, they are not proper parties to Plaintiffs' claims.

A person who has a claim against the state or a political subdivision of the state seeking monetary damages must present the written claim within one year of the date the loss occurs and must present the claim in writing to the Office of Risk Management and the state agency or political subdivision as required by the Act. OKLA. STAT. tit. 51 § 156. A claim against the state will be forever barred unless notice of that claim is presented within one year after the loss occurs. OKLA. STAT. tit. 51 § 156 B. A person may not file a suit against

Page | 13

the State unless the claim presented to the State has been denied in whole or in part by the State. OKLA. STAT. tit. 51 § 157. Additionally, if a claim is denied, that person has 180 days to file suit. OKLA. STAT. tit. 51 § 157(B). The Complaint must allege enough facts to determine whether actual or substantial requirements of the notice provisions of the GTCA have been satisfied. *Girdner v. Bd. of Commr's of Cherokee Cty.*, 2009 OK CIV APP 94, ¶20, 227 P.3d 1111. In the instant case, Plaintiff has not pled compliance with the GTCA as required by *Girdner*.

Assuming Plaintiff can show compliance with the GTCA, she has not alleged enough facts to state a cognizable claim for relief against these Judicial Defendants. Section 155 of the GTCA, "Exemptions From Liability," states:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> 2. Judicial, quasi-judicial, or prosecutorial functions, other than claims for wrongful criminal felony conviction resulting in imprisonment provided for in Section 154 of this title

Plaintiff alleges that she was injured through judicial functions. The above exception clearly exempts these Judicial Defendants from liability in this case. Plaintiff objects to outcomes in the state court proceedings and is attempting to assign liability for these outcomes to judges that participated in those cases. Plaintiff's Complaint, however, is insufficient to state a claim

against these Judicial Defendants. Plaintiff does not allege that Defendants were acting outside the scope of their employment when the incidents occurred.

In order to make a claim under the Act one must fully and completely comply with the notice and time provisions contained within it and specified in OKLA. STAT. tit. 51 § 156. In summary, a claimant must make a claim in writing within one year of the date of loss which contains all of the information required by that statute. In addition, a claimant may not initiate a suit unless the claim has been denied in whole or in part. OKLA. STAT. tit. 51 § 157. In the present case, Plaintiff has made no tort claim under the GTCA, nor has she been provided a denial in whole or in part. Furthermore, even if Plaintiff were to somehow cure this defect any claim related to "[j]udicial, quasi-judicial, or prosecutorial functions" are specifically exempt from recovery under OKLA. STAT. tit. 51 § 155(2). As a result, any claims for a tort must be dismissed as having failed to comply with the GTCA. As a result of failing to comply with the provisions of the GTCA, Plaintiff has failed to state a claim upon which any relief may be granted.

## CONCLUSION

Judicial Defendants respectfully request that, under 12(b)(5) and 12(b)(6), this Court dismiss Plaintiff's claims against them and for any and all such relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *Stefanie Lawson*
**STEFANIE E. LAWSON, OBA#22422**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st St.
Oklahoma City, OK 73105
Telephone: 405.521.3921
Facsimile: 405.521.4518
Email: stefanie.lawson@oag.ok.gov
*Attorney for Judicial Defendants Bob Hughey and Philip Corley*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Samantha Siong Ricks
General Delivery Town Post
Shobonier, IL 62885
*Plaintiff pro se*

/s/ *Stefanie Lawson*
Stefanie E. Lawson