## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMANTHA SIONG RICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-739-PRW |
| | ) | |
| BOB W. HUGHEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ORDER</u>

On April 21, 2025, the Court ordered Plaintiff to file an amended complaint in compliance with Federal Rule of Civil Procedure 8 on or before May 5, 2025 (Dkt. 44). The Court warned Plaintiff that the failure to do so would result in dismissal of this action without prejudice. Rather than filing an amended complaint, Plaintiff filed a Notice, titled "notice: court; Court; COURT:" (Dkt. 52), on May 5, 2025, responding to the Court's Order.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the Rule contemplates dismissal on a defendant's motion, it "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to

prosecute or comply with the rules of civil procedure or court's orders."[1] The failure to comply with Rule 8 is a valid basis for dismissal pursuant to Rule 41(b).[2]

The Court previously found that Plaintiff's Complaint was not in compliance with Federal Rule of Civil Procedure 8 because (1) it did not clearly identify her claims, (2) it did not identify which defendant each claim was asserted against or why, and (3) it was not in a manageable format. Plaintiff was ordered to file an amended complaint in compliance with Rule 8 correcting these deficiencies. Plaintiff's Notice filed in response makes no attempt at compliance with the Court's Order. Instead, Plaintiff states that she does "not surrender [her] case to act under the Federal Rules of Civil Procedure [sic],"[3] and that she "see[s] no benefit as being subject to the FRCP, Rules promulgated by a Legal Society in which [she is] not a member."[4] In addition to her Notice, Plaintiff filed another document titled "notice: clerk is to file" (Dkt. 51) that lists various criminal statutes. In this document, Plaintiff asserts that her case is proceeding according to the "Rules of Common Law," and not the Federal Rules of Civil Procedure.[5]

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007); *Sladek v. Bank of Am., NA*, No. 24-1181, 2024 WL 4224029, at *4 (10th Cir. Sept. 18, 2024).

[3] Notice (Dkt. 52), at 2.

[4] *Id.* at 3.

[5] Notice (Dkt. 51), at 1.

"[A]ll litigants, even those who are pro se, [are required] to comply with the Federal Rules of Civil Procedure."[6] Thus, Plaintiff's failure to file an amended complaint in compliance with the Federal Rules of Civil Procedure and her disregard for the Court's Order subjects her case to dismissal pursuant to Federal Rule of Civil Procedure 41(b).

The Court is permitted to dismiss this case without prejudice "without attention to any particular procedures."[7] But because of the multitude of claims and the uncertainty as to what they are, the Court is unable to ascertain the statute of limitations governing Plaintiff's claims. As such, the Court recognizes that dismissal of this action without prejudice may effectively function as dismissal with prejudice.[8] So as a cautionary measure, the Court considers the *Ehrenhaus* factors.

Before imposing "the ultimate sanction of dismissal," district courts should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[9]

---

[6] *Fawley v. Jablonski*, 827 F. App'x 805, 806–07 (10th Cir. 2020) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (internal quotation omitted) (collecting cases)).

[7] *Nasious*, 492 F.3d at 1162.

[8] *See Davis v. Miller*, 571 F.3d 1058, 1061 n.2 (10th Cir. 2009).

[9] *Id.* at 1061 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).

Dismissal is only an appropriate sanction "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]"[10]

Having considered the circumstances in light of the *Ehrenhaus* factors, the Court finds that dismissal is appropriate under Rule 41(b). Plaintiff's failure to file an amended complaint clearly articulating her claims has prejudiced Defendants in their ability to defend against her claims.[11] And Plaintiff's refusal to comply with the rules of this Court has caused delays and the expenditure of additional resources in resolving this dispute, significantly interfering with the judicial process.[12] Further, the Court specifically put Plaintiff on notice that her Complaint was deficient and provided her with clear instructions for filing an amended complaint in compliance with Federal Rule of Civil Procedure 8.[13] She was also warned that her action would be dismissed unless she filed a compliant amended complaint within fourteen days of the Order.[14] But in lieu of even attempting to comply, Plaintiff instead filed a Notice setting forth her own legal standards and rejecting the Order of the Court. Lastly, it does not appear that lesser sanctions would be productive considering that Plaintiff has expressed outright refusal to abide by the Federal Rules of Civil Procedure.

---

[10] *Ehrenhaus*, 965 F.2d at 921.

[11] *See Nasious*, 492 F.3d at 1163 (noting that defendants are prejudiced when they have to respond to "wordy and unwieldy" pleadings).

[12] *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[13] *See* Order (Dkt. 44), at 3–4; *Nasious*, 492 F.3d at 1163.

[14] *See* Order (Dkt. 44), at 6–7.

Accordingly, pursuant to Rule 41(b) the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Motions to Dismiss filed by Defendants Phillip Corely and Bob W. Hughey (Dkt. 46) and Defendants Lory Dewey, Gentner Drummond, and Tommy Humphries (Dkt. 49) are **DENIED** as moot.

      **IT IS SO ORDERED** this 8th day of May 2025.


                                       _____

                                        PATRICK R. WYRICK
                                        UNITED STATES DISTRICT JUDGE